No. 96.—C. A. McCay, Wife, etc., v. J. W. Boatner, Husband, et al.

In a suit by the surviving wife against the succession of her deceased husband, to enforce her paraphernal rights, if the evidence shows that certain lands have been purchased as her separate property, with her separate funds, which she was administering independently of her husband, and which had never come under his control, she will be decreed to be the separate owner thereof, although the lands were acquired during the community. Succession of Wade, 21 An. 343.

APPEAL from the District Court, parish of Morehouse. Crawford, J. S. G. Parsons, for plaintiff and appellant. D. C. Morgan, for intervenor. James W. Boatner, in person. C. N. Morrison, in person.

Howe, J. The plaintiff in this case had judgment for the amount found to be due her by her husband, with recognition of her legal mortgage; but her demand that certain lands described in the petition should be decreed to be her paraphernal property (though acquired by

her during the existence of the community), was rejected, and she has therefore appealed.

The statement of facts upon which the case comes before us, contains the following admission of all the parties:

" It is agreed that the evidence establishes that the said property was purchased by the plaintiff, at the time stated, from A. McIver, as alleged ; that it establishes that the title thereto was made in her name, as her separate paraphernal property, for the price of one thousand dollars; that it establishes that the said sum of one thousand dollars has never been in her husband's possession, nor subject to his control; and that it establishes that it was paid to said McIver, on plaintiff's order, by her agents, A. Miltenberger & Co., of New Orleans, in whose hands a large amount of the paraphernal funds of the plaintiff (including the said one thousand dollars), which had fallen to her from her father's estate, in Mississippi, had been recently deposited by her agents, in Mississippi, subject to her order and under her exclusive administration; and that her father died in the year 1847, in Pike county, Mississippi, leaving a large estate to plaintiff, in money and lands."

Upon such a statement of facts as this, it seems clear that the judgment is erroneous in not decreeing the lands in question to be the paraphernal property of the plaintiff. It is clearly shown to have been purchased as her separate property, and with her separate funds, which she was administering independently of her husband, and which had never come under his control. Succession of Wade, 21 An. 343, and authorities there cited.

It is therefore ordered that the said judgment, so far only as it rejects the claim of plaintiff to said lands, be reversed; that the following described lands be decreed to be the paraphernal property of the plaintiff, to wit:

The west half of the northeast quarter, and the northeast quarter of the northeast quarter of section number thirty-five, containing one hundred and fourteen and ninety-six-one-hundredths acres; also, the share formerly belonging to A. McIver, and then undivided, in and to the southwest quarter of northwest quarter of section number thirty-six, and the southeast quarter of the northeast quarter of section number thirty-five, all of township twenty-one north, range five east, of the land district north of Red river, which said interest was partitioned between the several owners of the lands held in common by an act passed on the twenty-fourth day of August, 1858, and recorded in notarial book D, pages 547, 548 and 549, of the notarial records of the parish of Morehouse, and amounted, with the said one hundred and fourteen and ninety-six-one-hundredth acres, to one hundred and forty-one acres, more or less; that in all other respects the said judgment be affirmed, and that the appellees pay the costs of appeal.